UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAVIER ESCOBEDO,

                              Petitioner,                          Case No. 1:25-cv-1430

v.                                                      Honorable Maarten Vermaat

RANDEE REWERTS,

                              Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment."). Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4,

the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

Petitioner acknowledges that he has not exhausted his state court remedies with regard to the issues raised in his petition. *See* (Pet., ECF No. 1, PageID.10–11, 14; Mot., ECF No. 2, PageID.66.) He reports that he filed the petition as a protective measure. He asks the Court to stay, rather than dismiss, these proceedings and to hold them in abeyance pending the conclusion of his exhaustion efforts.

For the reasons set forth below, that motion will be denied.

## Discussion

### I.  Factual allegations

Petitioner Javier Escobedo is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On October 27, 2017, Petitioner pleaded *nolo contendere* in the Cass County Circuit Court to one count of first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b. On December 15, 2017, the court sentenced Petitioner to imprisonment for 20 to 40 years.

On November 5, 2026, Petitioner filed his habeas corpus petition. The petition raises three grounds for relief, as follows:

> I.    Defense counsel was ineffective for advising Petitioner to plead guilty prior to obtaining the DNA results from the Michigan Crime Lab, and making a motion to suppress statements to police.
>
> II.   New evidence shows that [Petitioner] was denied his Sixth and Fourteenth Amendment right to the effective assistance of appellate counsel due to the failure to obtain the laboratory reports relating to the DNA testing performed at the Michigan State Police Crime Lab, and obtain documentation in support of an argument for the suppression of [Petitioner's] statement to police before moving for the withdrawal of his plea in the trial court based on the claims contained in argument I.

III.    The new evidence presented demonstrates a colorable claim of actual innocence which overcomes and state procedural bars applicable to claim I and II and tolls the AEDPA limitations period.

(Pet., ECF No.1, PageID.9–13.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he had not exhausted his state court remedies when he filed his petition. At that time, he had filed a successive motion for relief from judgment in the Cass County Circuit Court which remained pending. Since then, the Cass County Circuit Court denied the motion. *See* https://micourt.courts.michigan.gov/case-search/ (select "Continue," search "Cass," select Court Name "43rd Circuit Court," enter Last Name "Escobedo," First Name "Javier," select "Search," select Case ID "2017-0000010189-FH") (last visited Aug. 5, 2026). Moreover, on May 12, 2026, the Michigan Court of Appeals denied leave to appeal. Order, *People*

*v. Escobedo*, No. 379182 (Mich. Ct. App. May 12, 2026). Petitioner has filed an application for leave to appeal in the Michigan Supreme Court which remains pending.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may continue to pursue the appeal of the denial of his motion for relief from judgment in the Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner completed the direct appeal of his conviction and sentence on June 19, 2019, when the Michigan Supreme Court ordered the trial court to reinstate the initial December 15, 2017, judgment, but vacated that part of the sentence that imposed a $500.00 fine. *People v. Escobedo*, 928 N.W.2d 700 (Mich. 2019). Petitioner did not file a petition for certiorari to the United States Supreme Court, (Pet., ECF No. 1, PageID.4), though the period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). That 150-day period[1] expired on December 16, 2019. Accordingly, absent tolling, Petitioner would have had one year, until December 16, 2020, in which to file his habeas petition. Petitioner filed the instant petition on November 5, 2026, years after the one-year limitations period expired.

Nonetheless, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not

---

[1] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Petitioner filed his first motion for relief from judgment on June 14, 2024. (Pet., ECF No. 1, PageID.4.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 9, 2025. *People v. Escobedo*, 19 N.W.3d 893 (2025). Petitioner filed his successive motion on November 5, 2025. (Pet., ECF No. 1, PageID.7.) As noted above, his application for leave to appeal the denial of that motion remains pending in the Michigan Supreme Court.

Petitioner filed the motions for collateral relief long after the period of limitations had expired. Motions filed after the limitations period is over do not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*.

The finality of the state court judgment is not the only date that might trigger the running of the period of limitations. Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner argues that, until recently, he was impeded by the prosecutor's failure to disclose the existence of a DNA report from the Michigan State Police Crime Lab. Petitioner's arguments implicate subsections 2241(d)(1)(B) and 2241(d)(1)(D). Petitioner contends that if the one-year period of limitation is triggered by the date the impediment was removed or the date the factual predicate of his claim could have been discovered through due diligence, his claim would be timely.[2]

Against that backdrop, it is apparent that dismissal of the present petition will not jeopardize the timeliness of a subsequent petition. If the triggering event for the running of the period is the finality of Petitioner's judgment of sentence, it is already too late. If the triggering event is the date that Petitioner contends the impediment was removed or the date that Petitioner contends he could have discovered the factual predicate of his claim, he has ample time remaining.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period as triggered by 2241(d)(1)(B) or 2241(d)(1)(D). Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision,

---

[2] Moreover, measured from a later starting date, if the clock had not yet run out, it is possible that Petitioner's motions for relief from judgment might toll the running of the limitations period.

he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Accordingly, the Court will deny Petitioner's motion for stay and dismiss the petition for failure to exhaust available state-court remedies.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment granting Petitioner leave to proceed in forma pauperis, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.


Dated:    August 6, 2026                          /s/ *Maarten Vermaat*

                                          Maarten Vermaat
                                          United States Magistrate Judge